**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**LISA KAY MADRU**                                                             **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 2:12CV00189-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                                **DEFENDANT**

**ORDER AWARDING ATTORNEY FEES**

Before the court is the claimant's petition [21] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs from the Judgment Fund. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. By Judgment [20] dated June 4, 2013, the court remanded this case to the Commissioner for further proceedings. The claimant now seeks attorney fees in the amount of $4,742.50 (representing 27.1 hours of attorney time at a rate of $175/hr) under the EAJA on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified." The claimant also seeks $165.00 in costs to be paid from the Judgment Fund for mileage. Additionally, the claimant requests that the sums be paid to her attorney pursuant to an assignment of EAJA fees. The Commissioner does not oppose the claimant's request for attorney fees and mileage; however, Defendant insists that the mileage constitutes an "expense" under the EAJA and, thus, is not payable from the Judgment Fund. Additionally, the Commissioner asserts that the EAJA award should be made payable to the claimant, not her attorney.

The court has considered the claimant's motion and supporting documentation and the record of this case and finds that the fee request is reasonable. Additionally, the court has considered the applicable law and finds that the mileage expense requested by Plaintiff is appropriately payable from SSA appropriations, not the Judgment Fund. *See* 28 U.S.C. § 2412(d)(4) and 31 U.S.C. § 1304. Accordingly, the only remaining issue is whether the award should be paid to the claimant or to her attorney.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010), the Supreme Court held that EAJA fees are payable to litigants. *Ratliff*, 130 S.Ct. at 2528.[1] Therefore, based on this authority the court finds it is appropriate to direct that payment be made to the claimant.[2]

**THEREFORE, IT IS ORDERED** that the claimant's motion for payment of attorney fees and expenses is hereby **GRANTED in part**, and the Commissioner shall pay the claimant a total of $4,907.50 for the benefit of her attorney.

**THIS,** the 23rd day of July, 2013.

>   **/s/ Jane M. Virden**
>   **U. S. MAGISTRATE JUDGE**

---

[1] The result is that attorney fees awards are subject to offset where the claimant has outstanding federal debts. *Ratliff*, 130 S.Ct. at 2528.

[2] As indicated in the Commissioner's response, however, once this order is entered and after Defendant has received confirmation that the claimant does not owe a debt to the Government, Defendant will issue payment to the claimant's attorney pursuant to the assignment of EAJA fees.